# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2017V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | |
| THERESA CROWELL, *as executrix of the estate of* ERNESTINE IRENE ALLEN, DEC'D, | * * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed: April 26, 2023 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

*Paul A. Green*, Law Office of Paul Green, Pasadena, CA, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, D.C., for Respondent.

## **DECISION GRANTING MOTION AND DISMISSING PETITION**[1]

On October 13, 2021, Theresa Crowell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] (the "Vaccine Program"), as executrix of her mother's estate. Petitioner alleges that her mother, Ernestine Irene Allen, received an influenza vaccine on October 14, 2020, and developed Guillain-Barré syndrome, thereafter, resulting in her death. Petition (ECF No. 1) ("Pet.") at 1.

On April 14, 2023, Petitioner moved for a Decision Dismissing the Petition, stating that "an investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *See* Motion, dated Apr. 14, 2023 (ECF No. 34) ("Mot.") at 1. Petitioner stats that it would be

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has fourteen days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Otherwise, the whole Decision will be available to the public.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

unreasonable to proceed and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id*. Petitioner further indicated that she understands that a decision by the Chief Special Master dismissing her petition will result in a judgment against her, and that such a judgment will end all of her rights in the Vaccine Program *Id*. And she has expressed a desire to exercise her rights to file a civil action in the future, and thus (pursuant to 42 U.S.C. § 300aa-21(a)(2)) she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action at the appropriate time. *Id*. at 2.

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail herself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner's request is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Hum. Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has, however, determined that she would not be able to prevail in this matter based on the contents of Ms. Allen's medical records and the absence of a GBS diagnosis. And a petitioner may not be awarded compensation based on the petitioner's claim alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). These materials have not been submitted, and Petitioner acknowledges she cannot obtain them or otherwise succeed.

For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk of Court shall enter judgment accordingly.**[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master